CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 03 2013
JULIA C. DUDLEY, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:10-cr-00010-1 |
| v. | ) | § 2255 MEMORANDUM OPINION |
| DARYL WENDELL BARLEY, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Daryl Wendell Barley, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States filed a motion to dismiss, and petitioner responded with a motion to amend. After reviewing the record, I deny petitioner's motion to amend as futile and grant the United States' motion to dismiss.

I.

A grand jury in the Western District of Virginia issued a three-count superseding indictment against petitioner on August 5, 2010. The superseding indictment charged that petitioner conspired to possess with the intent to distribute more than 50 grams of cocaine base between August 2006 and April 3, 2009, in violation of 21 U.S.C. § 846 ("Count One"); distributed more than 50 grams of cocaine base on April 3, 2009, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"); and distributed more than 50 grams of cocaine base on May 19, 2010, in violation 21 U.S.C. § 841(a)(1) ("Count Three"). Petitioner was arrested and released on bond after his initial appearance.

Petitioner subsequently pleaded guilty to Counts Two and Three pursuant to a written plea agreement. The United States and petitioner jointly recommended finding petitioner responsible for 361.7 grams of cocaine powder and 61.7 grams of cocaine base and receiving a sentence of 240 months' incarceration. The United States and petitioner recognized in the agreement that the court was not bound by these determinations, the court could sentence petitioner to the statutory

maximum, and petitioner would not be allowed to withdraw his guilty pleas if he received a harsher sentence. Petitioner also agreed to waive the rights to appeal and to collaterally attack the judgment, and he agreed that any such action would constitute a breach of the plea agreement. Notably, petitioner agreed not to commit any other crime and acknowledged that the United States could request a harsher sentence if petitioner breached the plea agreement. I had a lengthy colloquy with petitioner and determined that he understood both his rights and the plea agreement and that he knowingly and voluntarily pleaded guilty to Counts Two and Three.[1] I continued petitioner's bond until the January 28, 2011, sentencing hearing.

A Presentence Report ("PSR") was prepared on November 30, 2010, which recommended holding petitioner responsible for 361.7 grams of cocaine powder and 61.7 grams of cocaine base, as described in the plea agreement. Based on this drug quantity and petitioner's personal history, petitioner faced a statutory mandatory-minimum term of 240 months' incarceration, a statutory maximum term of life imprisonment, and a guideline sentence of 240 months' incarceration.[2]

The day before the sentencing hearing, state officials arrested petitioner for allegedly manufacturing a controlled substance and possessing marijuana, and discovered counterfeit $100 bills in his possession. During the sentencing hearing, the United States argued that petitioner breached the plea agreement and should be incarcerated for more than the previously agreed upon 240 months. After hearing the United States' proffer, I determined that petitioner had breached the plea agreement by committing another crime while on bond; adopted the United States' argument that petitioner should be held accountable for 2,061.7 grams of crack cocaine and not the 61.7

---

[1] I dismissed Count One during the sentencing hearing pursuant to the plea agreement.
[2] The PSR also recited that petitioner faced a sentencing guideline range of 324 to 405 months' incarceration if he went to trial and was found guilty of the three counts charged in the superseding indictment.

2

grams of crack cocaine described in the plea agreement; and overruled petitioner's objection. To arrive at a single combined offense level, I converted the powder cocaine and cocaine base to 9,741 kilograms of marijuana, pursuant to USSG § 2D1.1[3], and calculated petitioner's new sentencing guideline range to be 324 to 405 months' incarceration. However, I believed the USSG calculations overstated petitioner's criminal history and reduced petitioner's criminal history score from six to five. Petitioner new guideline sentencing range was 292 to 365 months, and I sentenced him to, inter alia, 292 months' incarceration.

Petitioner appealed to the Court of Appeals, arguing that the appeal waiver was not enforceable because the United States breached the agreement by seeking a harsher sentence; that I erred by finding petitioner breached the plea agreement and by attributing 9,741 kilograms of marijuana to him; and that the sentence was unreasonable and excessive based on petitioner's circumstances. The Court of Appeals dismissed the appeal, holding that the United States did not breach the plea agreement and that all terms of the plea agreement, including the appeal waiver, were enforceable against petitioner.

Petitioner then timely filed the instant § 2255 motion, arguing three claims: (1) the sentence violates the Fair Sentencing Act of 2010; (2) the guilty pleas were not entered knowingly and voluntarily; and (3) counsel rendered ineffective assistance.

## II.

The United States argues that petitioner is not entitled to proceed via § 2255 because the plea agreement is valid and contains a waiver of the right to collaterally attack the judgment. A "criminal defendant may waive [the] right to attack [a] conviction and sentence collaterally, so long

---

[3] To combine different controlled substances to obtain a single offense level, I relied on the Drug Equivalency Tables in USSG § 2D1.1 to convert the quantities of powder cocaine and cocaine base to their respective marijuana equivalents, added the converted quantities, and determined a combined offense level.

3

as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The waiver contained in the plea agreement must be both valid and sufficiently broad in scope to encompass a claim to prevent petitioner from collaterally attacking the judgment. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (discussing the waiver of appellate rights).

A.  VALIDITY OF THE WAIVER

A waiver is valid when "the record . . . show[s] that the waiver was based upon a knowing and intelligent decision." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22. If a court determines that a petitioner's allegations when viewed against the record of the Rule 11 plea hearing are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy –specifically, whether the district court questioned the defendant about the . . . waiver – the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting General, 278 F.3d at 400). "Thus, the determination 'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

4

Petitioner has a GED and stated under oath during the Rule 11 plea colloquy that he read, understood, and signed the plea agreement with counsel present. Petitioner affirmed both his understanding of the right to collaterally attack the judgment and the waiver of that right. Nothing I observed during the plea hearing supports a claim of an unknowing or involuntary plea. Accordingly, the record establishes that petitioner knowingly, intelligently, and voluntarily entered guilty pleas[4] and waived the right to "file any court document seeking to disturb, in any way, any order imposed[,]" including the right to file a motion to vacate, set aside, or correct sentence.

B.  SCOPE OF THE WAIVER

The next consideration is whether the waiver bars the type of collateral attack brought by petitioner. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of appeal and collateral attack rights. Claims about the imposition of a sentence above the statutory maximum, the imposition of a sentence based on a constitutionally impermissible factor, or the complete deprivation of the effective assistance of counsel after entering a guilty plea automatically fall outside the scope of the waiver. See, e.g., Attar, 38 F.3d at 732; United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

---

[4] Thus, petitioner's second claim that his pleas were not entered knowingly and voluntarily must be dismissed. To the extent petitioner inexplicably argues that his guilty plea was not knowing and voluntary because the United States breached the plea agreement, the argument is barred. Issues fully considered on direct appeal may not be reconsidered in § 2255 proceedings. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing Herman v. United States, 227 F.2d 332 (4th Cir. 1955)). See United States v. Roane, 378 F.3d 382, 397 (4th Cir. 2004) ("Because we addressed this issue on direct appeal . . ., Defendants cannot raise their . . . claim again in these § 2255 proceedings."). The Court of Appeals already determined that the United States did not breach the plea agreement. Furthermore, petitioner was not entitled an opportunity to withdraw a guilty plea because I never rejected the plea agreement, and petitioner acknowledged in the plea agreement that he could not withdraw a guilty plea if he received a sentence harsher than he anticipated.

5

Petitioner's first claim that the imposed sentence should be lowered pursuant to the Fair Sentencing Act of 2010 falls within the waiver and must be dismissed.[5] Although this claim involves a change in the law after the plea agreement, "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." United States v. Oladimeji, 463 F.3d 152, 155-56 (2d Cir. 2006) (internal quotation marks omitted). See United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008) (finding that legal developments favorable to the defendant do not constitute grounds for finding an appellate waiver unenforceable merely because they occurred after the plea agreement). See also United States v. Oliver, 280 F. App'x 256, 257 (4th Cir. 2008) (declining to review a denial of a downward departure based on the crack-cocaine sentencing disparity despite a change of law).

Petitioner's final claim alleges three separate instances of counsel's deficient performance, in violation of the Sixth Amendment. First, counsel failed to move for withdrawal of the guilty pleas. Second, counsel failed to correct the allegedly erroneous Total Offense Level sentencing calculation. Third, counsel failed to supplement the appeal with a Department of Justice Memorandum. Petitioner's claims of ineffective assistance of counsel all concern proceedings after petitioner entered guilty pleas and, thus, do not fall within the waiver.

### III.

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the

---

[5] Even if the claim did not fall within the waiver, it is procedurally defaulted. See United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (recognizing claims that could have been raised on direct appeal but were not are procedurally defaulted unless the petitioner demonstrates actual innocence or both cause for the default and actual prejudice from the failure to review the claim). Petitioner's guilty pleas preclude a finding of actual innocence, and petitioner fails to establish any denial of the effective assistance of counsel.

6

'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[6] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."[7] Id. at 694. A petitioner who pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner's claims of ineffective assistance of counsel do not warrant relief because he fails to establish any deficient performance and fails to establish any probability that the results of the proceedings would have been different. Counsel had no legal basis to move for a withdrawal of the guilty pleas simply because petitioner engaged in criminal conduct and violated the plea agreement. Petitioner fails to establish that he or any reasonable person would have gone to trial on all three counts, exposing himself to 324 to 405 months' imprisonment.

Counsel was not ineffective for not objecting to a Total Offense Level of 36. See USSG § 2D1.1(c)(3) (2010) (calculating 9,741 kilograms of marijuana as a Base Offense Level of 34). Petitioner's Base Offense Level of 34 was boosted two points by the firearm charge, resulting in a Total Offense Level of 36. See USSG § 2D1.1(b)(1) (2010) (increasing a Base Offense Level by 2 points for possessing a firearm).

---

[6] "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).
[7] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Id. at 697.

7

Counsel was also not ineffective for not supplementing the appellate brief with a Department of Justice Memorandum about the Fair Sentencing Act of 2010. The Memorandum was irrelevant to the threshold issue of whether petitioner knowingly and voluntarily waived the right to appeal. Petitioner cannot establish a reasonable probability that the Court of Appeals would not have enforced the appellate waiver, would consider a claim about the Fair Sentencing Act of 2010, and vacate petitioner's sentence if counsel filed the Memorandum.

### IV.

More than twenty-one days after the United States filed a motion to dismiss, petitioner filed a motion to amend to challenge the use of a Virginia state court drug conviction from 1998 for USSG calculations, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner argues that the conviction should no longer qualify as a felony for sentencing purposes although that conviction resulted in a sentence of three years' incarceration with two years suspended.

The issue in Simmons arose from the mandatory nature of North Carolina's sentencing scheme, which has codified sentencing ranges that take into account prior criminal history and other aggravating factors. See Simmons, 649 F.3d at 244 (observing North Carolina's Structured Sentencing Act "does not establish a 'guidelines system'; rather it mandates specific sentences") (emphasis in original). A North Carolina court has no authority to sentence a defendant outside the range established by North Carolina's mandatory structured sentencing scheme. Id. at 243-45.

Simmons does not affect convictions from Virginia state courts because Virginia does not have a mandatory structured sentencing scheme. Virginia's sentencing guidelines are both discretionary and only applicable if the judge, rather than the jury, sentences a defendant. See VA. CODE § 19.2-295.1 (providing for jury determination of sentence without regard to any sentencing

8

guidelines); VA. CODE § 19.2-298.01 (describing Virginia's "discretionary sentencing guidelines"). Furthermore, Simmons does not apply to petitioner's 1998 state conviction that could have resulted in a term of incarceration greater than one year. See United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) ("Pursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment."). Accordingly, I deny petitioner's motion to amend as futile. See Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) (recognizing a court should freely give leave when justice so requires absent some reason such as, inter alia, the futility of the amendment).

V.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss petitioner's motion to vacate, set aside, or correct sentence. Petitioner's requests to amend and for an evidentiary hearing are denied. Based upon my finding that the petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

ENTER: This 3rd day of January, 2013.

*[signature]*
Senior United States District Judge

9