CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 18 2020

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:10cr00010-001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DARYL WENDELL BARLEY, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This matter is before the court on Defendant Daryl Wendell Barley's *pro se* motion to reduce sentence [ECF No. 120]. Although Defendant is represented by counsel, I am ruling on his *pro se* motion for the reasons set forth herein.

On January 11, 2019, the Chief Judge of this District entered Standing Order 2019-1, appointing the Federal Public Defender's Office "to represent any defendant sentenced in this district who was previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for retroactive application of the Fair Sentencing Act of 2010 under Section 404 of the First Step Act of 2018." Standing Order 2019-1 (W.D. Va. Jan. 11, 2019.)

On January 28, 2019, Defendant filed a *pro se* motion requesting appointment of counsel "due to the implications of 'The First Step Act of 2018' and how it impacts my case," that I construed as a motion for First Step Act relief. [ECF No. 112.] I denied his request for appointment of counsel but granted him a reduction in his sentence on April 2, 2019. [ECF No. 115.]

On February 3, 2020, the Assistant Federal Public Defender filed an unopposed motion to vacate my order granting Defendant a reduction, arguing that I erred in

construing his original motion for appointment of counsel as one seeking relief under the First Step Act. See United States v. Maxwell, 800 F. App'x 373 (6th Cir. 2020). Accordingly, on February 14, 2020, I vacated the order denying the appointment of counsel and granting Defendant a reduction in his sentence. [ECF No. 119.]

On February 19, Defendant filed another *pro se* motion, this time clearly requesting a reduction in his sentence pursuant to the First Step Act. [ECF No. 120.] Because he was represented by counsel, I did not take any action on his motion at that time. On February 26, his attorney emailed my chambers staff (and the Assistant United States Attorney), informing me that she would be "filing a new First Step Act motion" on Defendant's behalf. She advised that she would be out of town "until March 9, but will seek to file it when I come back." No motion was filed[1] upon her return.

On April 20, my chambers staff followed up with counsel, inquiring if she intended to file anything and, "if so, when can we expect that?" She responded the same day that she did intend to file something, stating: "I have one other thing to file prior to that, so please expect it from me by Wednesday." On Wednesday, April 22, nothing was filed. As of the date of this Opinion over three weeks later, nothing has been filed by counsel.

Despite granting counsel over two months to file a pleading she initially assured the court would be filed the week of March 9, nothing has been filed. Accordingly, I will grant Defendant's *pro se* motion and reduce his sentence pursuant to the First Step Act of 2018.

---

[1] She clarified in a later email that she did not want to file a new motion, but rather to supplement what Defendant had filed on his own behalf.

- 3 -

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Defendant and all counsel of record.

**ENTERED** this 18th day of May, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE