CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 19 2021

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 4:10CR00010 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DARYL WENDELL BARLEY,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Kari K. Munro, Assistant United States Attorney, Roanoke, Virginia, for United States; Daryl Wendell Barley, Pro Se Defendant.*

Defendant Daryl Wendell Barley, sentenced by the late Senior District Judge Jackson L. Kiser in 2011, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018).  He contends that if he were sentenced today, he would receive a significantly shorter period of imprisonment than that which he is currently serving.  Because I find that he has not established an extraordinary and compelling reason to reduce his sentence, I will deny the motion.

## I.

The defendant was sentenced by judgment entered February 4, 2011, to 292 months imprisonment.  He is currently incarcerated at FCI Butner Medium II and has a projected release date of September 23, 2027.  He contends that his prior state

conviction of felony possession of cocaine would no longer support an enhanced sentence pursuant to 21 U.S.C. § 851 because of a subsequent change in the law.

Investigators in this case used a confidential informant to conduct a controlled purchased of cocaine base. The informant had told investigators that he or she had been purchasing 250 grams of cocaine per month from Barley and that in one transaction, Barley had traded the informant cocaine in exchange for a handgun. A consent-based search of Barley's girlfriend's car, which he had been driving, revealed a loaded semi-automatic pistol under the front passenger seat, $28,122 in cash, and three bags of powder cocaine.

Barley pled guilty pursuant to a written plea agreement to one count of distribution of more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and one count of possession with intent to distribute cocaine powder, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The government filed a notice of enhanced punishment based on a prior drug trafficking conviction. Barley stipulated in his plea agreement that he should be held responsible for 361.7 grams of powder cocaine and 61.7 grams of cocaine base. The parties jointly recommended a sentence of 240 months.

Six days before the sentencing hearing, Barley's bond was revoked because he had been dealing drugs while awaiting sentencing. Danville police officers had found Barley with counterfeit $100 bills, a significant amount of cash, digital scales,

and cocaine residue on the scales and in a microwave in the residence where Barley was located, along with two bags of marijuana. The government recommended a sentence outside the terms of the plea agreement because of Barley's breach. This recommended sentence was based on consideration of historical drug weight (specifically, the 250 grams of cocaine per month purchased by the confidential informant prior to the controlled buys). The court accepted the government's request and sentenced Barley to 292 months each on Counts Two and Three, to be served concurrently, a sentence at the low end of his guideline range of 292 to 365 months.

Barley appealed. The Fourth Circuit dismissed the appeal, finding that Barley had breached the plea agreement by selling drugs while on pretrial release, allowing the government to seek a sentence based on a higher drug quantity than stipulated, and thus, the plea agreement's appeal waiver was enforceable. *United States v. Barley*, 452 F. App'x 278, 280 (4th Cir. 2011) (unpublished).

Barley moved for a reduction in his sentence under the Fair Sentencing Act (FSA 2010). The court denied the motion, stating, "Defendant was sentenced under the provisions of Amendment 750; therefore, no further reduction is authorized. Moreover, Defendant was subject to a mandatory minimum sentence which was unaffected by the Amendment." Order, May 1, 2012, ECF No. 86. On April 21, 2015, the court reduced Barley's sentence by 52 months pursuant to Amendment 782, giving him a total sentence of 240 months imprisonment. Order, ECF No. 111.

-3-

On February 19, 2020, Barley moved for a sentence reduction under the First Step Act (FSA 2018).  The court granted Barley's motion and reduced his sentence by 10 months, to 230 months.  Order, May 18, 2020, ECF No. 122; *see also* ECF Nos. 121, 130.  Barley appealed, hoping for a larger reduction, but the Fourth Circuit affirmed.   *United States v. Barley*, 831 F. App'x 629 (4th Cir. 2020) (unpublished). Barley has filed a petition for writ of certiorari with the Supreme Court.

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018.  Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.

When Barley was originally sentenced, a prior "felony drug offense" qualified him for an enhanced sentence under § 851.  *See United States v. Thomas*, 810 F.

App'x 207, 208 (4th Cir. 2020) (unpublished).  A "felony drug offense" is defined to include "an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct relating to narcotic drugs."  21 U.S.C. § 802(44).  The FSA 2018 replaced the statutory phrase "felony drug offense" with "serious drug felony."  *Thomas*, 810 F. App'x at 208.  To constitute a "serious drug felony," a defendant must have served more than 12 months in prison for the prior offense, and his release from imprisonment must have occurred within 15 years of when he committed the offense for which he is being sentenced.  21 U.S.C. § 802(57).

Barley contends that the offense underlying his § 851 enhanced sentence does not qualify as a "serious drug felony."  Therefore, if he were sentenced today, he argues that he would receive a shorter sentence.  Barley asserts that this alleged disparity constitutes an extraordinary and compelling reason justifying a sentence reduction under the compassionate release portion of the FSA 2018.

The prior felony conviction on which the government relied in seeking the enhanced sentence was felony possession of cocaine, for which Barley was sentenced on January 5, 1998, in Danville, Virginia, Circuit Court.  Notice of Enhanced Punishment, ECF No. 35.  The Presentence Investigation Report (PSR) indicates that Barley was sentenced to "one year jail and one year probation upon release."  PSR ¶ 30, ECF No. 113.  His probation was revoked, however, because he

"failed to attend substance abuse classes as instructed and tested positive for marijuana." *Id.* He was then sentenced to two years imprisonment followed by one year probation. Barley's prior conviction, therefore, does satisfy the requirements of a "serious drug felony," as he was ultimately incarcerated for more than 12 months as punishment for the state felony possession of cocaine. Thus, contrary to Barley's assertion, there is no disparity in his sentence due to a change in the law, and he has established no extraordinary and compelling reason for relief.

Even if he had established a gross disparity, however, I would deny Barley's motion. In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

Barley notes that he has served more than ten years of his sentence and has had only two disciplinary infractions, neither of which was violent. Barley also represents that he contracted and survived COVID-19 while in prison and that he has paid his fines, has a sound home plan and job plan, has obtained his general equivalency diploma, and hopes to attend college or learn a vocational trade.

While these factors are commendable, they do not outweigh his significant criminal history and the nature and circumstances of his offense. Barley distributed a substantial quantity of cocaine base and carried and traded firearms in connection with drug dealing. He was on a sentence of good behavior from state court when he

committed the offense in this case.  Furthermore, he committed a serious breach of trust when he sold drugs while on bond.

I conclude that the §3553(a) factors weigh against reducing the Barley's sentence.  Because he has not established an extraordinary and compelling reason for a reduction, and because on balance, the sentencing factors do not favor relief, I will deny his motion.

III.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated on behalf of the government, it is **ORDERED** that the defendant's motion, ECF No. 139, is DENIED.

ENTER:  August 19, 2021

/s/  JAMES P. JONES
United States District Judge